SCANNED at PCC and E-Mailed
06-23-17 (date) by __ (initials)
84 (# of pages)

E-FILED
Friday, 23 June, 2017 04:55:58 PM
Clerk, U.S. District Court, ILCD

IN The United States District Court
For The Central District of Illinois..

LAZERRICK COFFEE
Plaintiff                             CASE NO:
        V.
Michael Melvin - Warden ), Terry Kennedy - Asst. Warden );
Emily Ruskin - Asst. Warden ); John Baldwin - I.D.O.C. Director );
Sherry Benton I.D.O.C. Administrative Review Board );
Internal Affairs Pontiac C.C. Personnel - Supervisory And Subordinate );
Donna Jones, Jamie Horton, Counselor Alvarrado Both of P.C.C.
Clinical Services Dept ); Supervisory Personnel of P.C.C. Clinical Services
Dept. ); S. Simpson P.C.C. Grievance Officer And Supervisory And
Subordinate Personnel of Said Dept. ); Chad Brown And Alberado
Salinas of P.C.C. - Adjustment Committee Personnel );
Lieutenant Alan O. Winemiller, Lieutenant Allen; Major - Susan K.
Prentice; Sergent L. Croft; P.C.C. - Correctional Officers —
T. Wilson, D. Smith, Pratt, D. Bianchard, Robinson, Benjamin G.
Kennedy, And Additional Unknown By Name 'John / Jane Doe
Correctional Officers P.C.C.; Sergent Meister, ); Garbes Bolt & Bell,
Correctional Officers P.C.C.; Wexford ); Dr. Obaiada, Dr. Andrew
Tilden, Nurses Sindy, Sabrina Foxx, Tracy, Sherri, Krissy,
Lori Williamson, Jodi Johnson, Paul, Jack, John, Bougus, Melissa,
Becky, G. Simmons, Cora, S. Joseph, Jade Drillin, Keren
Beecher, Rebecca Mc.Grath, And Additional Unknown By Name
John / Jane Doe.

(2.)

# "COMPLAINT"

1.) Now comes plaintiff MR. LAZERRICK COFFEE forcibly pro-se, upon his own behalf in presenting a multifaceted civil complaint before this court. Plaintiff is a forcibly imprisoned man within I.D.O.C. Pontiac Corr. Cntr.

2.) Plaintiff is asserting before the court that the case at bar is definitely complex within its nature as plaintiff Coffee has been caused harm(s) irreparably, and otherwise physically and psychologically, and financially by a veritable plethora of defendants which were/are employed to act and or interact with plaintiff Coffee — and other forcibly imprisoned men — both internally at P.C.C. and abroad from Springfield IL. under color of law.

3.) Plaintiff Coffee is asserting that whether free man or incarcerated plaintiff was/is protected by both state and federal constitutional provisions, rights and or guarantees, and that defendant's et. al. within case at bar have knowingly/conciously violated — and so continue — plaintiffs rights to causation of harm(s);

4.) Plaintiff maintains to state "he" is a layperson within context defined of law. Plaintiff is indigent of education, resources and finances, however so that complaint at bar is not filed with any malicious foret-hought or portent(s). And that at

(2)

all times stated herein plaintiff acted/pursued in good faith to assert the violation(s) and harm(s) afflicted him by defendants in case at bar et.al. and earnestly sought resolution and or cessation(s) of said violations, harms both caused and furthered by defendant(s) et.al. unto no avail; I.E. plaintiff being denied meaningful performance(s) of 'ministerial' duty-(ies) of defendants et.al.

5.) plaintiff Coffee has been subjected unto violence, discrimination, bias, and egregious behaviors by defendants et.al.

6.) This Court having jurisdiction of this action pursuant unto 28 U.S.C. § 1331; venue is proper under 28 U.S.C. § 1319(b) defendants et.al. aforelisted in case at bar were at all times relievant to this complaint situated in this judicial district and all events giving rise to the claims in this case occurred here;

7.) Case at bar is one in which plaintiff Coffee seeking redress by, cessation of violation of "his" rights by defendants et.al., to have defendants et.al. prosecuted criminally for the violent assault committed against plaintiff person; to be finacially compensated in compensatory & puntive fashion(s); As well plaintiff seeks any and all other judgements, awardings, and or equitable relief the Court and or jury deems just and proper unto the relation of egregious behaviors committed by defendants et.al. herein against plaintiff Coffee.

(3)

'INTRODUCTION'

8.) This action is being brought pursuant to the egregious actions of personnel against plaintiff in violation of "their" conditions of employ to act under color of law.

Plaintiff having been caused - but not limited onto - deprivation(s) of: 42 U.S.C.A § 1981, 1982, 1983, 1985, 1986; 18 U.S.C.A § 241, 242;

Eigth Amendment - Deliberate Indifference - and cruel and unusual punishment;

Fourteenth Amendment Due process of law and personal safety and equal protection rights and provisions;

Multiple municipal liability violations i.e. lack of: Control of / over personnel; of trainings and or re-trainings personnel; of supervisory overview / review knowledge and action or in-action(s); of governmental bodies; Liability of official action or inaction(s); of reprimand and or discipline of personnel - Not limited of — But especially personnel acting in patterned violative behaviors of established protocol(s) law(s) and or right(s) and administrative directives, I.D.O.C and p.c.c. mission statements, contractual stipulation(s) regulation(s) of employ individually and or en masse i.e. policy-(ies)

Free of retaliation action(s) against plaintiff- due of: excercising 'His' right(s) to be free of harm(s) and violation(s) to/ of his person and property; Also of plaintiffs racial heritage, and plaintiffs minority status i.e. A forcibly imprissoned man, - by personnel employed to act under color of law by I.D.O.C. p.c.c.

(4.)

Violation(s) of multiple established Illinois Complied Statutes, I.D.O.C Administrative and Institutional Directives, American Correctional Association Accreditation Standards and other policy-(ies) approved, established and day to day interactions and running of a Corr. Cntr. in the state of Illinois.

Violations of Illinois Dept. of Central Management Services Class Specification(s) position code of each designated as defined in Sections I.E. Distinguishing features of Work, Illustrative Examples of Work;

I.D.O.C./Staff Development and Training / DR. 504 Grievance Proceedures Revised 09·30·03 Handbook;
Intentional Infliction of Emotional Distress of 745 ILCS 10/9-102 (Municipal Tort Liability) Respondent Superior;
Chapter 720 Criminal offenses Bodily Harm(s) (Refs. And Annos) 5/12-7 Hate Crime, § 12-7/ Hate Crimes 720 ILCS 5/12-6 Intimidation, ZolCS 5/8-2l Conspiracy against Civil Rights, 730 ILCS 5/3-7-4 protection of persons, 20 IL. Admin.Code CH.I § 112 Subchapter A. part 112 Internal Investigation Sections 112. 10, 15, 20, 30, 40, 50, 60, 70, 80, 90, 95, 100, 730 ILCS 5/3-7-2 facilities, 5/3-7-3 Institutional Safety and Sanitation, 5/3-8-7 Disciplinary Report procedures, 5/3-8-8 Grievances, 720 ILCS 5/12-6.2 Aggrivated Intimidation;

Destruction of Evidence, Malicious Prosecution, Fraudulent Concealment, False Arrest, Detention and False Imprissonment,

(5.)

Plaintiff asserting Municipal violations, Liability(ies) being evident enough so as to be recognizable by: -(But Not Limited unto)-

Instances of Denial of Due Process of Law via Grievance personnel within P.C.C. and abroad within Supervisory constraints within Springfield IL. More than 'A Little' defined by/of volume of complaints on Record and pending. I.E. It is readily apparent that Qualified Immunity is not viable an Supervisory Respondent Superior Capacity Nor in any Capacity as:

Said officials, personnel, in Non Correction of Defects to Grievance process system have/are contributing, furthering and fostering an Atmosphere of Actions so as to be Shocking to/of the Conscience in and of the harms inflicted upon forcibly imprisoned men by personnel.

In furtherance Said 'Conduct(s)' are of Collusion and Conspiracy to Act in Reckless disregard of harms endured by forcibly imprisoned men of I.D.O.C./P.C.C. as plaintiff is,

## "PARTIES INVOLVED IN CASE"

9.) The Defendant Michael Melvin is employed as Warden #1 at Pontiac.C.C.

(6)

10.) The Defendant Terry Kennedy - is Employed as Asst. Warden at pontiac.C.C.

11.) The Defendant Emily Ruskin is Employed as Asst. Warden at pontiac. C.C.

12.) The Defendant John Baldwin is employed as I.D.O.C. Director at /over pontiac.C.C.

13.) The Defendant(s) Internal Affairs pontiac.C.C. personnel - Supervisory and Subordinates at pontiac-C.C.

14.) The Defendant Donna Jones is Employed as Counselor at pontiac C.C.

15.) The Defendant Jamie Horton is Employed as Counselor at pontiac.C.C.

16.) The Defendant(s) Alvarrado is Employed as Counselor Both of P.C.C Clinical Services Dept at pontiac.C.C

17.) The Defendant(s) Supervisory personnel of P.C.C. Clinical Services Dept.) is Employed at pontiac.C.C

18.) The Defendant(s) S. Simpson P.C.C is Employed as P.C.C. Grievance Officer and Supervisory and Subordinate personnel of Said Dept

(7)

at pontiac. C.C.

19.) The Defendant(s) CHAD Brown and ABERADO Salinas of P.C.C is employed as Adjustment Committee personnel at pontiac.C.C

20.) The defendant Lieutenant Alan D. Winemiller is employed as Lieutenant at pontiac.C.C

21.) The Defendant Lieutenant Allen is employed as Lieutenant at pontiac.C.C.

22.) The Defendant Major Susan K. Prentice is employed as Major at pontiac.C.C

23.) The Defendant(s) Sergent L. Croft and Sergent Meister is employed as Sergent(s) at pontiac.C.C

24.) The Defendant(s) Wilson, D. Smith, Pratt, D. Blanchard, Robinson, Benjamin G. Kennedy, Garbe, Bolte, Bell, and additional unknown by name John/Jane Doe is employed as Correctional officers at pontiac.C.C.

25.) The Defendant Wexford is employed as Medical Service etc at/over I.D.O.C. at pontiac.C.C.

(8)

26.) The Defendant(s) Dr. Ojaloda and Dr. A. Tilden is employed as Doctor(s) at Pontiac C.C.

27.) The Defendant(s) Sindy, Sabrina Foxx, Tracy, Sherri, Krissy, Lori Williamson, Jodi Johnson, Paula, Jack, John, Bougus, Melissa, Becky, G. Simmons, Cora, S. Joseph, Jade Drellin, Karen Beecher, Rebecca McGrath, and additional unknown by name John/Jane Doe is employed as RN's at Pontiac C.C.

## "Statement of facts of Case"

28.) On or around the date of July 19th 2016 plaintiff Coffee being housed within the I.D.O.C. Pontiac C.C. East Cell House had cause to interact with staff in relating unto staff that I was experiencing paranoia due to being housed within a cell in which plaintiff felt uncomfortable and or threatened to be in fear of my mortal life. I spoke unto C/O Robinson, Sgt. Croft, and 2 other John Does C/O's.

29.) Plaintiff expressed unto personnel my wanting to be housed within a different cell so as to avoid a violent incident between myself and my cell-mate and I was ignored initially; then I was taunted by corrections officer C/O Robinson, and two other John Doe's C/O's, "To go ahead and do what I had to do."

(9)

30.) Plaintiff expressed the need to speak unto East Cell House Command staff i.e. a Lieutenant or a Major I was denied this request by D. Blanchard, & two other John Doe's and further taunted by two John Does c/o's, Sgt. Croft, c/o Robinson to go ahead and get into an altercation with my cellmate if I wanted to be moved because it was the only way I would be moved.

31.) Plaintiff was then moved unto a different cell which was filthy with human waste, smelled of urine also in which the "water" was not working within said cell, as well there was no matterress in said cell. Plaintiff was bodily forced into this cell by Sgt. Croft, c/o Robinson, Blanchard, and 2 other John Doe's c/o's.

32.) Plaintiff was again denied to speak unto a command staff member of the East Cell House and forced to live within cell #4-21.

33.) Shortly thereafter plaintiff was accused of starting a fire within his cell due unto a smell of smoke upon the gallery - bearing in mind the E.C.H structure is five galleries stacked on top of one another with an even and odd side, counting unto one through ten - when plaintiff was accused by personnel Sgt. Croft, c/o Robinson, c/o Blanchard and two other John Doe's c/o's, Lt. Winehiller, plaintiff sarcastically said

(10)

"Sure yeah" I did it" (Bearing in mind as well plaintiff was forced into said cell without yet his personal property I.E. Having Nothing with Which to start A fire with.

34.) Thereafter Lietunant Winemiller came unto my cell spoke to be beligerently and disrespectfully with Racial Epithets and ordered me to cuff-up, which I did without incident.

35.) plaintiff was placed then within another filthy cell with again Humane waste within it and the strong smell of urine. Again there was no matteress within this cell either. plaintiff was still not given His personal Belongings; I.E. Supplies with which to clean His cell, and was told by same said LT. Winemiller That cleaning supplies were issued on Sunday, and that He was stripping me of access to my property.

36.) Additionally at this time I could Hear Additional Corr-officers saying derrogatory Racial comments about me.

37.) plaintiff was placed within said cell with as well no running water, nor flushable toliet.

38.) plaintiff feeling demoralized and Hopeless decided upon breaking the fire Alarm sprinker within said cell
2-22

(11)

39.) After personnel switched off the sprinkler feed, plaintiff was ordered to cuff-up by C/O's D. Smith, Pratt, Blanchard, ~~[redacted]~~ with additional staff members inclusive of Sgt. Croft and Lt. Winemiller, plaintiff did as he was ordered without incident.

40.) Upon being removed from said Cell #2-22 by C/O's Pratt, D. Smith, Blanchard, still in the presence of Sgt. Croft and Lieutenant Winemiller and additional correctional officers, plaintiff forcefully had his arms wrenched high behind his back forcing him to bend over at the waste with his head close to the floor.

41.) In this position plaintiff was repeatedly punched in the side of my stomach, my head, as well as in my genitals from behind. While being subjected unto racial epithets by multiple personnel around me. Said personnel then violently slammed plaintiff face first onto the floor. Plaintiff was then punched more bodily and kicked as well.

42.) Plaintiff was then dragged into a holding tank cell. Plaintiff having blood pouring down into his face from a head laceration then had C/O Pratt, John Doe slam his face into the wall while other personnel stepped upon plaintiff feet and ankles attempting to break them.

(12)

as well contenuing to punch plaintiff within his stomach and Ribs.

43.) plaintiff was taken to P.C.C. Health Care Unit to have his head patched and cleaned up. On the way unto the Healthcare Unit C/O Pratt continued to assault my person and Assault plaintiff ~~[struck through]~~, with Racial Epithets, within the presence of Additional personnel whom did Nothing to Intervene. (This Being in Violation of the "By Stander" Rule, These John/Jane Doe personnel).

44.) Phaintiff was ~~[struck through]~~ then forced to walk from the Health Care Unit unto the North Cell House while within the Company of the Same said offending E.C.H. personnel whom had Assaulted plaintiff.

45.) plaintiff during said walk with E.C.H. personnel was still yet again punched, dragged and reigned down upon with Racial Epithets over the entire length from the Health Care Unit unto the N.C.H. (Approximately three City Blocks in length).

46.) plaintiff was then when within North Cell House where upon said E.C.H. personnel Pratt, SGT John Doe, two other C/O John Does whom Escorted me informed the N.C.H.

(13)

personnel that plaintiff, was an uppity nigger that needed to learn his place.

47.) plaintiff was then placed within a cell with feces and again a urine smell, no matteress and no water. plaintiff having no choice had to refuse housing and go upon suicide watch.

48.) plaintiff was housed within a suicide watch cell for a twenty four hour period with no matteres, clothing or running water or flushable toilet. The cell plaintiff was forced with as well stunk of feces and urine and spoiled milk and rancid food.

49.) plaintiff complains of the N.C.H. Cell# 1-07 or 1-10 conditions unto the command personnel was then placed into Cell# 3-27, said cell as well smelled of feces and urine and spoiled milk and rancid food. There was no running hot water within said cell, and the cold water would dribble out of the water faucet into a filth encrusted sink. The cold water only being turned on to dribble out after a four day period wherein plaintiff was forced to live in said cell with no water or viable way to clean said cell, as plaintiff was denied his access to property.

(14)

50.) Plaintiff during the four day period was taunted and further verbally disrespected racially and otherwise by N.C.H. Corr officers Jane Doe / John Doe and denied any form of assistance in gain of a different cell or access to his property by Major S. K. Prentice, Lt. Allen nor Sgt. Meister and by additional personnel on 1st shift, Wilson, Garbe, Bell other John Does

51.) Plaintiff when returned his property had come to find multiple items missing: clothes, shower-shoes, books, pictures of family & friends, soap, toothpaste, write-outs, etc.

52.) Plaintiff had begun to contact interdepartmental personnel i.e. Clinical Services Counselor Donna Jones and John / Jane Doe's, as well Internal Affairs - addressed unto supervisory and or subordinate personnel, and Warden's Melvin, Kennedy, Emily Ruskin in seeking to have said personnel to review and save video camera recordings from the E.C.H. & H.C.U. and the walk from E.C.H. unto the Health Care Unit, and then unto N.C.H. from the H.C.U.

53) Plaintiff timely filed grievances with concerns of the harms he suffered, the personnel involved and the need for the reviewing and saving of security camera feeds.

(15)

54.) Plaintiff further filed grievances against Administrative personnel I.E. Internal Affairs, Wardens, and Clinical Services personnel for not replying unto plaintiffs formal grievances, as well multiple filed written complaints unto "their" officers for aid in investigating plaintiffs situation(s).

55.) Plaintiff was as well in complaint of non response unto 'Grievances' timely filed with grievance officers.

56.) Plaintiff after much insistence was notified that Internal Affairs had taken over the handling of "his" grievances filed. Informed by Ms. Tucker counselors and other Jane Doe's

57.) Plaintiff then inquiring of I.A. office of the progress of said grievances and 'their' investigation plaintiff received no response what so ever to any such inquiry.

58.) Plaintiff then filed complaint with I.D.O.C. Directors office and Administrative Review Board member Sherry Benton, appraising them of plaintiffs being denied action(s) into 'his' being assaulted by personnel
B) Additionally that plaintiff was being denied meaningful utilization of the grievance processes
C) Plaintiff pointing out as well not receiving any measures of investigation and or assistance in any form what so ever from P.C.C. I.A. offices, or Wardens.

Plaintiff in summation has received no viable help in this endeavor at all. Plaintiff is as well now having to seek medical treatment for spinal pain, migraines, vertigo spells, problems in my walking, increasing sharp pains in my genitals, numbness in my hands in my feet as well spotting in my vision.

## "Relief Requested"

Plaintiff is seeking to have missing properties replaced
Plaintiff is seeking to have monetary relief awarded
Compensatory $100,000 out of official and individual capacity of each defendant(s)
Punitively $100,000 out of official and individual capacity of each defendant(s)
Nominal awarded $1
Plaintiff is seeking for criminal charges to be filed against personnel whom directly assaulted plaintiff as well against those who acted in collusion to prevent plaintiff in investigating said personnel and or in the performance of their duty-ies in doing so.
       Plaintiff request and seek progression of the case at bar unto trial by jury and any and all other relief the court finds just and deserving

Signed this 22 day of June 2017

Lazerrick Coffee R-70006
LAZERRICK COFFEE R-70006
P.O. Box 99, Pontiac, IL 61764

(17)